DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the November 3, 2005 judgment of the Sandusky Municipal Court, following a bench trial wherein defendant-appellant, Jacqueline Smith, was convicted of the minor misdemeanor of disorderly conduct in violation of R.C.2917.11(A)(3). For the reasons set forth herein, we affirm the trial court's judgment.
 {¶ 2} On March 17, 2005, appellant was charged with a fourth degree misdemeanor of disorderly conduct. On April 13, 2005, appellant filed a plea of not guilty, and on August 4, 2005, the charge was subsequently amended to a minor misdemeanor. On November 3, 2005, the case proceeded to a bench trial.
 {¶ 3} At trial, the facts presented were as follows. On March 17, 2005, Officer Christopher Rankins was called to the residence of appellant at 1208 Buchanan Street, Sandusky, Ohio, on three separate occasions between the hours of approximately 11:00 a.m. to 3:00 p.m. Appellant was having an ongoing argument with her brother, who lived in an adjacent unit, over her property. Officer Rankins testified upon cross-examination that during the first two visits he did not observe any type of altercation, taunting, or tormenting between appellant and her brother. He issued warnings to appellant and her brother to stay away from each other. Officer Rankins accompanied by Officer Youskievicz was called to the residence a third time. They arrived to find appellant and her brother in a verbal altercation outside. Officer Rankins testified that he observed "Mr. Smith added Ms. Smith — was outside calling his wife a bitch." Appellant testified that she had "verbal words" with her brother the third time Officer Rankins came to her residence. The officers told appellant and her brother to return to their respective units, but appellant and her brother continued to yell back and forth at each other. At that time, Officer Rankins cited the brother for disorderly conduct and Officer Youskievicz, under the direction of Officer Rankins, cited appellant for disorderly conduct.
 {¶ 4} At the conclusion of the evidence appellant was found guilty and fined $30 plus court costs. This appeal followed. On appeal, appellant raises two assignments of error:
 {¶ 5} "Assignment of Error 1:
 {¶ 6} "The trial court committed prejudicial error by improperly `morphing' the testimony of a police officer in the state's case-in-chief with the testimony of a defendant in her case-in-chief in an attempt to bypass Criminal Rule 29 acquittal at the conclusion of the state's case and thereby erred by reserving a ruling on a motion for acquittal.
 {¶ 7} "Assignment of Error 2:
 {¶ 8} "The verdict is against the manifest weight of the evidence and the sufficiency of the evidence when the state does not prove beyond a reasonable doubt the elements of disorderly conduct."
 {¶ 9} In her first assignment of error, appellant argues that the trial court erred in denying her motion for acquittal. Crim.R. 29(A) provides that the trial court shall enter a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." Thus, "the test an appellate court must apply when reviewing a challenge based on a denial of a motion for acquittal is the same as in reviewing a challenge based upon on the sufficiency of the evidence to support a conviction." State v. Thompson (1998),127 Ohio App.3d 511, 525.
 {¶ 10} We first note that a component of appellant's argument is that the trial court improperly "reserved" a ruling on her motion for acquittal. Upon review we find that the trial court did not reserve a ruling on appellant's motion for acquittal, but instead denied the motion for acquittal upon the conclusion of Officer Rankins' testimony.[1]
 {¶ 11} We now turn to the merits of the acquittal motion. In reviewing a sufficiency of the evidence claim, the relevant inquiry is whether any rational fact finder, viewing the evidence in a light most favorable to the state, could have found all the essential elements of the crime proven beyond a reasonable doubt.State v. Jones, 90 Ohio St.3d 403, 417, 2000-Ohio-187, citingJackson v. Virginia (1979), 443 U.S. 307, 319, and State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." Statev. Thompkins, 78 Ohio St.3d 380, 390, 1997-Ohio-52 (Cook, J., concurring).
 {¶ 12} Appellant asserts that the state produced inadequate evidence to prove she committed disorderly conduct. Disorderly conduct as defined under R.C. 2917.11(A)(3) provides: "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by * * * (3) Insulting, taunting, or challenging another, under circumstances in which that conduct is likely to provoke a violent response."
 {¶ 13} At trial, Officer Rankins testified that he visited appellant's residence on three separate occasions concerning a dispute between appellant and her brother. It was upon his third visit that he personally observed an altercation between appellant and her brother and asked them both to return to their respective units. When they refused, both appellant and her brother were cited for disorderly conduct. Viewing the evidence in a light most favorable to the prosecution, the trier of fact could have found that appellant engaged in a verbal altercation with her brother that was likely to provoke a violent response. Therefore, appellant's first assignment of error is not well-taken.
 {¶ 14} In her second assignment of error, appellant asserts that there was insufficient evidence to support the verdict and that the verdict was against the manifest weight of the evidence. The Supreme Court of Ohio has ruled that "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." Thompkins,78 Ohio St.3d at 386. Sufficiency addressees the issue of whether the evidence produced at trial is legally adequate to sustain the verdict. Id. When reviewing the sufficiency of evidence to support a criminal conviction, an appellate court must examine "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." Jenks,
61 Ohio St.3d at paragraph two of the syllabus.
 {¶ 15} The standard of review for sufficiency of the evidence is the same as was applied in appellant's motion for acquittal. Accordingly, for the reasons set forth in the first assignment of error, appellant's sufficiency argument is not well taken.
 {¶ 16} In determining whether a verdict is against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and "* * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Thompkins, 78 Ohio St.3d at 387. The rule of law inThompkins applies equally to a matter tried before the bench or a jury. State v. Fisher, 6th Dist. No. L-02-1041, 2002-Ohio-7305, at ¶ 7.
 {¶ 17} The detailed testimony of the state's witness and appellant show there was a verbal altercation between appellant and her brother upon Officer Rankins' third visit to the appellant's residence. Sitting as the "thirteenth juror," we cannot say that the trial court "lost its way" or created such a "manifest miscarriage of justice" so as to warrant reversal and a new trial. Appellant's second assignment of error is not well-taken.
 {¶ 18} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Sandusky Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J., Singer, P.J., Skow, J., concur.
[1] The court stated: "So your motion would be denied at this time * * *."